**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

RECEIVED

2006 AUG -9 P 3: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BELINDA GAIL BROWN,　　　　　*

　　　　　*

　　　Plaintiff,　　　　　*

　　　　　*

v.　　　　　*　　Case No. _3:06cv 710._

　　　　　*

LIBERTY MUTUAL INSURANCE　　*

COMPANY, et al,　　　　　*

　　　　　*

　　　Defendants.　　　　　*

## NOTICE OF REMOVAL

　　　　Comes now Defendant Liberty Mutual Insurance Company and hereby gives notice of removal of the above-styled action from the Circuit Court of Randolph County, Alabama, to the United States District Court for the Middle District of Alabama. As grounds for removal, Defendant avers as follows:

　　　　(1)　　The above entitled action was commenced in the Circuit Court of Randolph County, Alabama, on July 11, 2006 and is now pending therein. Service of process was perfected on Liberty Mutual Insurance Company on July 18, 2006. Notice of the removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446 (a).

　　　　(2)　　The plaintiff is a resident citizen of the state of Alabama.　The Defendant Liberty Mutual Insurance Company a corporation organized under the laws

of the state of Delaware with its principal place of business in the city of Boston, Massachusetts. [1]

(3)    The plaintiff in this case alleges that she has suffered severe physical pain, mental anguish and physiological deterioration due to bad faith and outrageous conduct by Defendant Liberty Mutual's refusal to provide and pay for reasonable and necessary medical treatment for Plaintiff, including the implantation of an intrathecal pump and spinal cord stimulator.  Plaintiff also alleges that as a result of Defendant Liberty Mutual's refusal to provide and pay for prescribed and necessary medical treatment she has been permanently injured.

(4)    As stated above, Plaintiff alleges that as a result of Defendant's outrageous conduct, she has been deprived of  treatment  in an effort to make her settle her benefits to her detriment and to the Defendant's benefit.

(5)    For all of this, Plaintiff claims both compensatory and punitive damages clearly in excess of the jurisdictional limit of the Circuit Court of Randolph County, Alabama. For reasons set out in the succeeding paragraphs, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

(6)    Based on past experience in similar cases, it is believed that Plaintiff will make a demand in excess of $75,000 for compensatory damages alone.

(7)    In addition, Alabama courts routinely uphold awards far in excess of $75,000 for punitive damages in wrongful death and personal injury actions.  *See, e.g., General Motors Corp. v. Johnson*, 592 So. 2d 1054, 1064 (Ala. 1992) (upholding 7.5

---

[1]    The Complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A through O.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

million dollars punitive damages award in a wrongful death suit based on violations of the AEMLD): *Tillis Trucking Co. v. Moses*, 748 So. 2d 874, 891 (Ala. 1999) (upholding 1.5 million dollars in punitive damages for wrongful death claim); *Hill Mfg. Co. v. Webb*, 724 So. 2d 1137 (Ala. 1998) (affirming award of $600,000 in punitive damages on claim under Alabama Extended Manufacturers Liability Doctrine ("AEMLD")); *Wal-Mart Stores, Inc. v. Robbins,* 719 So. 2d 245 (Ala. Civ. App. 1998) (affirming award of $190,000 in punitive damages caused by ingestion of prescription drug).

(8)     This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

(9)     A copy of the pleadings filed in the Circuit Court for Randolph County, Alabama, and served on Defendant are attached hereto and made a part of this petition as if set out in full herein. (See attached **Exhibit A**.)

(10)    Notice of Defendants' removal of the above-styled action has been given to the Clerk of the Circuit Court of Randolph County, Alabama, and to the Plaintiff as required by 28 U. S. C., Sec. 1446(d). (See **Exhibit B** attached hereto.)

WHEREFORE, Defendant prays that this Honorable Court will take jurisdiction of this cause and will issue all necessary orders and process in order to remove the action from the Circuit Court of Randolph County, Alabama to this court.

Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:      rbg@rsjg.com


**Attorney for Defendant**


## CERTIFICATE OF SERVICE

I hereby certify that that I have served a copy of the foregoing upon:

Stephen D. Heninger, Esquire
Heninger Garrison Davis, LLC
P. O. Box 11310
Birmingham, Alabama 35202

by placing same in the United States mail, postage prepaid, this the 9th day of
August, 2006.

Of Counsel

( J202061335

544-299967

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

·5440619 90003

BELINDA GAIL BROWN,                    )

      PLAINTIFF,                          )
                             )

VS.                                    )          CIVIL ACTION: CV06-106
                             )

LIBERTY MUTUAL INSURANCE              )
COMPANY, et al.,                       )

      DEFENDANTS.                         )

## S U M M O N S

**Filed in Office**

JUL 1 1 2006

**KIM S. BENEFIELD**
Clerk of Circuit Court

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: **Liberty Mutual Insurance Company**
             **P. O. Box 300**
             **5301 Virginia Way**
             **Suite 200**
             **Brentwood, Tennessee 37027**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to: **Stephen D. Heninger, Attorney for Plaintiff, HENINGER GARRISON DAVIS, LLC, P. O. Box 11310, Birmingham, Alabama 35202 (205) 326-3336.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: _____

                              _____
                              CLERK OF COURT

ID202061335

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

406199000A

BELINDA GAIL BROWN,            )
                               )
        PLAINTIFF,             )
                               )
VS.                            )      CIVIL ACTION: CV06-106
                               )
LIBERTY MUTUAL INSURANCE       )            Filed in Offic
COMPANY, et al.,               )
                               )            JUL 1 1 2006
        DEFENDANTS.            )
                                      KIM S. BENEFIELD
                                      Clerk of Circuit Court

Defendant number 1 being the proper legal designation of the entity known as Liberty Mutual Insurance Company.; Defendant number 2 being that insurance company responsible for the workmen's compensation medical benefits made the basis of this suit; all of whose true and correct names are otherwise unknown to Plaintiff at this time but will be added by amendment when properly ascertained.

## COMPLAINT

1.     The Court has jurisdiction of this matter as it is related to a prior workmen's compensation case filed in this Court, Belinda Gail Brown v. Hurley Manufacturing, Inc., CV-93-103. The Court entered judgment on this case on May 23, 1995, (attached hereto as Exhibit "1" and made a part of this Complaint) whereby the Defendant was deemed to have a continuing obligation under the laws of Alabama to provide and pay for all reasonable and necessary medical devices and treatment arising out of this covered injury. Defendant, Liberty Mutual Insurance Company, is the insurance carrier for these medical benefits and stands in the shoes of the employer.

2.     Plaintiff's authorized physician for her injuries is Dr. Efrim C. Moore. Dr. Moore has prescribed, as a last resort to the Plaintiff's reasonable and necessary treatment, that she be implanted with an intrathecal pump to reduce her use of oral analgesics since 2002. Defendants refused to provide, approve or pay for this prescribed treatment. In 2004, the authorized physician prescribed a spinal cord stimulator for the Plaintiff's radiculopathy because increasing her use of

narcotics was not a viable option. Defendants refused to provide, approve and pay for this prescribed treatment. As a proximate result of these refusals, the Plaintiff has suffered a dying-back neuropathic effect to her legs and feet; she has suffered increased scaring to her back; she has been caused to suffer severe pain and mental anguish and she has been permanently injured by the delay and refusal to follow the advice of the authorized physician.

3.      Plaintiff avers that Defendants have engaged in outrageous conduct through their refusal to provide prescribed medical treatment which was reasonable and necessary and has done so, knowing or having reason to know of the Plaintiff's pain and vulnerability to the consequences of this refusal. As a proximate consequence thereof, Plaintiff has been injured and damaged as set forth above.

4.      Plaintiff further avers that Defendants have acted in bad faith and outrageous conduct in refusing to provide reasonable and necessary medical treatment in an effort to harm Plaintiff and forcing her to induce severe pain, mental anguish and physiological deterioration so she would settle her medical benefits to the advantage of the Defendants. As a proximate consequence thereof, Plaintiff has been injured and damaged as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiff

-2-

**OF COUNSEL**:

.5440619900006

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.

STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiff

**Plaintiff's Address:**

365 2nd Street SW
Wedowee, Alabama 36278

**Serve Defendants: (To be Served Via Certified Mail)**

Liberty Mutual Insurance Company
P. O. Box 300
5301 Virginia Way
Suite 200
Brentwood, Tennessee 37027

0202061335

5440619900007

# EXHIBIT "1"

0282061335

BELINDA GAIL BROWN,                              · 54 6 0 6 1 9 9 0 0 IN THE CIRCUIT COURT OF

     Plaintiff,                              *

                                     *                              RANDOLPH COUNTY, ALABAMA

vs.                                             *                              CIVIL ACTION NUMBER: **Filed In Office**

HURLEY MANUFACTURING, INC.                      *

     Defendant.                              *                              CV-93-10**MAY 2 3 1995**

                                       *                              KIM S. BENEFIELD
                                            Clerk of Circuit Court

### JUDGMENT

This cause, coming on to be heard, is submitted to the Court upon the sworn petition of the plaintiff, the answer of the defendant, testimony taken in open court, and upon the agreement of the parties in open court made. Upon consideration of the same, the Court finds that the plaintiff was employed by the defendant on the 2nd day of February, 1993, and that the relationship of employer and employee, as defined by the Worker's Compensation Act of Alabama, existed between the parties on said date. The Court finds that there is a dispute as to the amount of the plaintiff's average weekly wage. The Court finds, further, that the plaintiff and the defendant were subject to the worker's compensation laws of the State of Alabama on said date and that, on said date, the plaintiff suffered an accident which arose out of and in the course of her employment; but the extent of her disability and the amount of any medical expense she has had as a result and consequence of said accident are disputed issues of fact which the parties hereto have agreed to compromise, and the parties have agreed that the plaintiff is entitled to receive Thirty-Four Thousand & NO/100 ($34,000.00) Dollars as full payment for all compensation and vocational rehabilitation due her, except any reasonable, necessary and authorized medical expenses covered by the Worker's Compensation Act which occur or accrue after this date. The Court finds that the defendant shall not be liable or responsible for any expenses related to any psychiatric, psychological or emotional problems or disorders incurred at any time whether in the past, present or future.

The Court further finds that the plaintiff understands completely that the sum of Thirty-Four Thousand & NO/100 ($34,000.00) Dollars is a full and final settlement of this matter and all that will be received from the defendant, Hurley Manufacturing, Inc., except reimbursement for reasonable, necessary

and authorized medical expenses resulting from the accident made the basis of this cause and which are incurred from this date forward.

The Court finds that the Thirty-Four Thousand & NO/100 ($34,000.00) Dollars to be paid herein actually represents the negotiated, compromise agreement that the employee-claimant's life expectancy at her present age and in her present condition is 43.91 years, as determined by the Annuity Mortality Table, as amended, and the Court finds that said settlement, after deduction of attorney's fees therefrom as a reasonable expense, yields a maximum monthly benefit of, to-wit: $ 53.13, or a maximum weekly benefit of $ 12.65, for the remainder of the employee's life when computed in accordance with the Annuity Mortality Table, as amended.

The Court, having considered the agreement of the parties and the pleadings, having inquired into the bona fides of the parties' claims and liabilities, having found that it is in the best interest of the plaintiff to accept the sums agreed upon, and having found that said agreement is substantially in accordance with the Worker's Compensation Act of the State of Alabama. It is ORDERED and ADJUDGED by the Court that the plaintiff have and recover from the defendant the sum of Thirty-Four Thousand & NO/100 ($34,000.00) Dollars as compensation, payable in a lump sum settlement.

It is further ORDERED and ADJUDGED by the Court that costs be taxed as heretofore paid.

It is further CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that, upon the payment of the judgement and costs in this cause, the defendant shall forever be released from any further liability arising out of the injury of the plaintiff as alleged in her complaint, except for reasonable, necessary and authorized medical expenses incurred by her which are covered by the Worker's Compensation Act of Alabama and which she incurs after this date.

It is ORDERED by the Court that the defendant shall not be liable to the plaintiff for any vocational rehabilitation and/or any vocational rehabilitation expenses incurred by the plaintiff at any time whatsoever.

4D202061335

The Court hereby approves and ratifies the employment by the plaintiff of her attorney, Oliver

Kitchens, and awards said attorney a 15% attorney's fee of the amount of compensation awarded herein,

said fee having been determined by the Court to be both reasonable and necessary.

DONE this ___23rd___ day of May, 1995.

_____
Circuit Judge

BELINDA GAIL BROWN,

    Plaintiff,

vs.

HURLEY MANUFACTURING, INC.

    Defendant.

5440619 IN THE CIRCUIT COURT OF
990011 Filed In Office
RANDOLPH COUNTY, ALABAMA

MAY 23 1995

CIVIL ACTION NUMBER

CV-95-S- BENEFIELD
Clerk of Circuit Court

## PETITION FOR COURT APPROVAL OF SETTLEMENT

Come now the parties, the plaintiff being present in her own natural person and the defendant

being represented by its attorney of record, and make known to the Court that a settlement has been

reached whereby the defendant is to pay to the plaintiff the sum of Thirty–Four Thousand & NO/100

($34,000.00) Dollars in a lump sum, which shall be a full settlement of this case and all that will be

received by plaintiff, Belinda Gail Brown, from the defendant, except any reasonable, necessary and

authorized medical expenses incurred by the plaintiff from and after this date as a result of the injury made

the basis of this settlement and covered by the Worker's Compensation Act of Alabama. It is agreed that

the defendant shall not be liable or responsible for any vocational rehabilitation or vocational expenses

at any time whatsoever. The parties agree that the defendant shall not be liable or responsible for any

expenses related to any psychiatric, psychological or emotional problems or disorders incurred at any time

whether in the past, present or future. The parties petition the Court to approve said settlement and to

approve the payment thereof in a lump sum.

This, the _____ day of May, 1995.

_Belinda Gail Brown_
Belinda Gail Brown, Plaintiff

_Oliver Kitchens_
Oliver Kitchens, Attorney for Plaintiff

_R. Blake Lazenby_
R. Blake Lazenby, Attorney for Defendant

BELINDA GAIL BROWN, 3546

       Plaintiff,

vs.

HURLEY MANUFACTURING, INC.

       Defendant.

54406199 0012

IN THE CIRCUIT COURT OF

RANDOLPH COUNTY, ALABAMA

CIVIL ACTION NUMBER:
MAY 2 3 1995

CV-93-103

KIM S. BENEFIELD
Clerk of Circuit Court

## SATISFACTION OF JUDGMENT AND FULL RELEASE

For the consideration of the payment to Belinda Gail Brown on behalf of Hurley Manufacturing, Inc., of the sum of Thirty-Four Thousand & NO/100 ($34,000.00) Dollars, sufficiency and receipt whereof being hereby acknowledged, Belinda Gail Brown does hereby release and forever discharge Hurley Manufacturing, Inc., and any and all persons, firms or corporations liable or who might be claimed to be liable, none of whom admits any liability to her, but expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits seeking any disability and/or vocational benefits under the worker's compensation laws of Alabama resulting from an on-the-job accident of Belinda Gail Brown on February 2, 1993, including, but not limited to, any medical expenses, known or unknown, of any nature, form or description which have in the past been incurred as a result of the set of operative facts made the basis of the plaintiff's pending action in the Circuit Court of Randolph County, Alabama, to-wit:  Belinda Gail Brown v. Hurley Manufacturing, Inc., Civil Action Number: CV-93-103.

The undersigned hereby satisfies completely that certain judgment entered in favor of the undersigned and against Hurley Manufacturing, Inc. on the _____ day of May, 1995, in that certain action pending in the Circuit Court of Randolph County, Alabama, styled "Belinda Gail Brown v. Hurley Manufacturing, Inc., Civil Action Number: CV-93-103".

For and in consideration hereinabove referenced, the plaintiff hereby releases and discharges Hurley Manufacturing, Inc., its agents, servants, and employees and its insurance carrier from any and all liability in any regard whatsoever, whether in tort, contract, worker's compensation or otherwise, for any things or matters which have occurred or accrued in the past up to and through the execution of this

D202061335

release and satisfaction. The plaintiff hereby agrees that the defendant shall not be liable or responsible for any expenses related to any psychiatric, psychological or emotional problems or disorders incurred at any time whether in the past, present or future.

The undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment in settlement of all claims, disputed or otherwise, and judgments against Hurley Manufacturing, Inc., arising out of an injury to the plaintiff occurring on February 2, 1993 and made the basis of this cause, and for the express purpose of concluding forever further or additional claims or rights against Hurley Manufacturing, Inc. arising out of the accident or the judgment entered in this cause, except actions for reasonable, necessary and authorized medical expenses incurred after this date and payable under the worker's compensation laws of this state.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _23_ day of May, 1995.

_Belinda Gail Brown_
Belinda Gail Brown, Plaintiff

STATE OF ALABAMA,    )

RANDOLPH COUNTY.    )

I, the undersigned, a Notary Public in and for said county, in said state, hereby certify that Belinda Gail Brown, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this day that, being informed of the contents of the foregoing release and discharge of judgment, executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this _23_ day of May, 1995.

_____
NOTARY PUBLIC

J202061335

# IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

BELINDA GAIL BROWN,                 )          5440619900I4

        PLAINTIFF,                  )

VS.                                 )          CIVIL ACTION:  CV06-106

                                    )

LIBERTY MUTUAL INSURANCE            )

COMPANY, et al.,                    )

        DEFENDANTS.                 )

## NOTICE OF SERVICE OF DOCUMENTS

**Filed in Office**

JUL 1 1 2006

**KIM S. BENEFIELD**
Clerk of Circuit Court

TO:    Kim S. Benefield, Clerk
        RANDOLPH COUNTY
        P. O. Box 328
        Wedowee, Alabama 36278

        PLEASE TAKE NOTICE that the undersigned has this date served on counsel for all parties the following:

(X)  First Request for Production
(  )  Response to Defendant's Request for Production
(X)  First set of Interrogatories
(  )  Answers to Interrogatories
(  )  Request for Admissions
(  )  Response to Request for Admissions
(  )  Notice of Intent to Serve Subpoena
(  )  Deposition Notice
(  )  Notice to Produce Medical Records (WCC cases)
(  )  Other

                    STEPHEN D. HENINGER [HEN-007]
                    Attorney for Plaintiff

**OF COUNSEL**:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:   (205) 326-3336
Facsimile:   (205) 326-3332

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing upon all counsel of record by placing a copy of same in the United States mail, postage prepaid, and properly addressed on this 6th day of July, 2006.

Liberty Mutual Insurance Company
P. O. Box 300
5301 Virginia Way
Suite 200
Brentwood, Tennessee 37027

OF COUNSEL:

-2-

D202061335

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, ALABAMA

BELINDA GAIL BROWN,                    )        544061990016
                                       )
        PLAINTIFF,                     )
                                       )
VS.                                    )        CIVIL ACTION: CV06-106
                                       )
LIBERTY MUTUAL INSURANCE               )
COMPANY, et al.,                       )
                                       )        Filed in Offic
        DEFENDANTS.                    )
                                                JUL 1 1 2006

                                                KIM S. BENEFIELD
        **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**        Clerk of Circuit Court
        **OF DOCUMENTS AND THINGS TO DEFENDANTS**

        COMES NOW the Plaintiff in the above-styled cause and pursuant to Rule 34 of the

Alabama Rules of Civil Procedure, request Defendants, separately and severally, to produce and

permit inspection and/or copying of the following documents and things by producing them at the

offices of counsel for Plaintiff within the time and manner prescribed by law:

        1.      The full and complete claims file regarding BELINDA GAIL BROWN: WC 544-

297967 HOD.

        2.      All internal memos, notes, correspondence, e-mails, computer entries or materials of

any description related in any way to Belinda Gail Brown.

        3.      All videotapes and surveillance reports of any type regarding Belinda Gail Brown.

        4.      All claims manuals, policies and procedures or guidelines of any nature discussing

the approval consideration for spinal cord stimulation and intrathecal pumps for claimants.

(Electronic or in paper form).

        5.      All memos or guidelines of any sort whether electronic or in paper form regarding

spinal cord stimulation or intrathecal pumps.

        6.      The complete payment history for any medical benefits provided to Belinda Gail

Brown.

7.     All reserve estimates or reserve analysis of any type regarding future medical exposure for the injury to Belinda Gail Brown done at any time.  (Electronic or in paper form).

8.     All diaries, log-books or computer entries discussing any activities undertaken at any time on the claims by Belinda Gail Brown.

STEPHEN D. HENINGER [HEN-007]
Attorney for Plaintiff

**OF COUNSEL:**

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:     (205) 326-3336
Facsimile:     (205) 326-3332

**TO BE FILED WITH SUMMONS & COMPLAINT**

IN THE CIRCUIT COURT OF RANDOLPH COUNTY,
ALABAMA

**BELINDA GAIL BROWN,**

        **Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, et al,**

        **Defendants.**

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

RECEIVED

2006 AUG -9 P 3: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Case No. 06-106**

## NOTICE OF
## NOTICE OF REMOVAL

     Comes now Defendant Liberty Mutual Insurance Company and hereby gives notice to this Honorable Court that it has this date filed a Notice of Removal removing this case to the United States District Court for the Middle District of Alabama, Eastern Division.  A copy of said Notice of Removal is attached hereto as Exhibit A.

Richard B. Garrett
Bar Number: (ASB-0782-A29R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:    rbg@rsjg.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that that I have served a copy of the foregoing upon:

Stephen D. Heninger, Esquire
Heninger Garrison Davis, LLC
P. O. Box 11310
Birmingham, Alabama 35202

by placing same in the United States mail, postage prepaid, this the 9th day of August, 2006.

Of Counsel