IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 AUG -9  P 3: 45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BELINDA GAIL BROWN,    *
                       *
    Plaintiff,         *
                       *
v.                     *   Case No. 3:06cv710
                       *
LIBERTY MUTUAL INSURANCE *
COMPANY, et al,        *
                       *
    Defendants.        *

## ANSWER

Comes now Defendant Liberty Mutual Insurance Company and for answer to the specific allegations of Plaintiffs Complaint says as follows:

(1)   Admitted.

(2)   Defendant denies each and every allegation of paragraph 2 of Plaintiffs Complaint and demands strict proof thereof.

(3)   Defendant denies each and every allegation of paragraph 3 of Plaintiffs Complaint and demands strict proof thereof.

(4)   Defendant denies each and every allegation of paragraph 4 of Plaintiffs Complaint and demand strict proof thereof.

## ADDITIONAL DEFENSES

(1)   Defendant Liberty Mutual denies that it has wrongfully refused to provide the medical treatment of Plaintiff.

(2)   Defendant Liberty Mutual denies that it was guilty of outrageous conduct in refusing to provide certain medical treatment for Plaintiff.

(3) Defendant Liberty Mutual denies that it was guilty of bad faith in refusing to provide certain medical treatment to Plaintiff.

(4) Defendant denies each and every material allegation of Plaintiffs Complaint not specifically admitted herein and demands strict proof thereof.

(5) Defendant Liberty Mutual avers that it is entitled to the benefits of all provisions of its policy of insurance with Plaintiffs employer.

(6) Defendant avers that it is entitled to the benefits of all provisions of the Code of Alabama governing the issues raised in Plaintiffs Complaint.

(7) Defendant denies that Plaintiff is entitled to punitive damages for any alleged outrageous conduct or any other of the allegations of her Complaint.

(8) Plaintiffs claim for punitive damages is limited in amount by the application of Alabama Code Section 6-11-21..

(9) The Plaintiffs demand for punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

(10) The Plaintiffs demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

(11) The Plaintiffs demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is

penal in nature for which the burden of proof on the Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

(12) The Plaintiffs demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

(13) The Plaintiffs demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff which is less than the 'beyond a reasonable doubt' burden of proof required in criminal cases.

(14) The Plaintiffs demand for punitive damages is unconstitutional under the Constitution of the State of Alabama in that it violates Article I, Section 6, by claiming punitive damages which are penal in nature while the Defendant is compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

Richard B. Garrett
Bar Number: (ASB-0782-A29R)

**Attorney for Defendant**

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P. A.
P. O. Box 270
Montgomery, Alabama 36101-0270
(206) 3245
E-mail: rbg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that that I have served a copy of the foregoing upon:

Stephen D. Heninger, Esquire
Heninger Garrison Davis, LLC
P. O. Box 11310
Birmingham, Alabama 35202

by placing same in the United States mail, postage prepaid, this the 9th day of August, 2006.

*[signature]*
Of Counsel